UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY MUNCH,

       Plaintiff,

v.

       Case No. 8:24-cv-2624-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

       Defendant.

## OPINION AND ORDER[2]

### I.  Status

Randy Munch ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of post-traumatic stress disorder, depression, migraines, insomnia, arthritis, hydrocephalus (or "fluid on the brain"), and spine disorders including "herniated and bulging discs." Transcript of Administrative Proceedings (Doc.

---

[1]     Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

No. 9; "Tr." or "administrative transcript"), filed January 8, 2025, at 65, 80, 315. Plaintiff protectively filed an application for DIB on September 21, 2023, alleging a disability onset date of June 30, 2023.[3] Tr. at 156-57. The application was denied initially, Tr. at 64, 65-78, 97-100, and upon reconsideration, Tr. at 79, 80-91, 103-05.

On June 28, 2024, an Administrative Law Judge ("ALJ") held a hearing,[4] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 40-63. On July 1, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 17-35.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his lawyer. See Tr. at 4-5 (Appeals Council exhibit list and order), 150-52 (request for review), 359 (brief). On September 16, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On November 12, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g)

---

[3]    The DIB application summary indicates it was actually completed on September 22, 2023 and lists a disability onset date of July 1, 2023. See Tr. at 156. The protective filing date for the DIB application is listed in the administrative transcript as September 21, 2023, and the alleged onset disability date is listed as June 30, 2023. See, e.g., Tr. at 17, 65, 80.

[4]    The hearing was held via telephone with Plaintiff's consent. See Tr. at 42, 126-27.

by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as the issue: 1) "[w]hether the ALJ failed to account for the 'total limiting effects' of Plaintiff's impairments . . . resulting in a [D]ecision that is not based on substantial evidence." Plaintiff's Brief—Social Security (Doc. No. 11; "Pl.'s Mem."), filed February 3, 2025, at 3 (emphasis omitted). On March 3, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 13; "Def.'s Mem.") addressing the issue. Then, on March 13, 2025, Plaintiff's Reply Brief—Social Security (Doc. No. 14; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant

---

[5]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 19-35. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 30, 2023, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: post-traumatic stress disorder (PTSD); migraines; arthritis; herniated and bulging discs; bilateral hip osteoarthritis; chronic pain syndrome; anxiety; and attention deficit hyperactivity disorder (ADHD)." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b), except that [Plaintiff can] frequently climb ramps or stairs; frequently balance, stoop, kneel, crouch, or crawl[]; and never climb ladders, ropes, or scaffolds. In addition, [Plaintiff] can frequently reach. [Plaintiff] avoids concentrated exposure to extreme heat, noise, vibrations, atmospheric conditions, and workplace hazards. [Plaintiff] can understand, remember, and carry out simple instructions; can maintain attention, concentration, and pace in two hour increments out of an eight-hour workday; and can adapt to occasional and gradually introduced workplace change. [Plaintiff] can have no more than frequent interaction with coworkers, supervisors, or the general public.

Tr. at 24 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Senior Enlisted Advisor." Tr. at 32 (some emphasis and citation omitted). The ALJ then proceeded to step five. After considering Plaintiff's age ("44 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 33 (emphasis and citations omitted), such as "Housekeeper," "Marker," and "Cafeteria Attendant," Tr. at 34 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 30, 2023, through the date of th[e D]ecision." Tr. at 35 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.    Discussion

Focusing on his mental impairments, Plaintiff argues the ALJ erred in evaluating the total limiting effects of his impairments. Pl.'s Br. at 3-15. As part of this argument, Plaintiff contends the ALJ erred in evaluating the prior administrative findings of non-examining, state agency psychologists Robert Hodes, Ph.D., and Eric Wiener, Ph.D. Id. at 7-8, 9-15. Plaintiff also asserts the ALJ erred in addressing Plaintiff's and his wife's statements about how his impairments affect him. Id. at 14-15. Responding, Defendant argues that substantial evidence supports the ALJ's findings regarding Plaintiff's mental impairments, including the prior administrative findings and Plaintiff's subjective complaints. Def.'s Mem. at 2-11.

Addressing the prior administrative findings, the undersigned concludes the ALJ erred in determining the psychologists' opinions were "persuasive" but then assigning an RFC that was inconsistent with those opinions. Accordingly, the matter must be reversed and remanded for further consideration of those opinions. On remand, this reconsideration may affect the ALJ's evaluation of Plaintiff's and his wife's subjective complaints, so those should be reevaluated on remand as well.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18,

2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). Particularly regarding the mental demands of work activities, "medical opinions are about" matters "such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[6] "Because section 404.1520c falls within the scope

---

[6] Plaintiff filed his application after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same,

[the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[7]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

---

[7]    When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

Here, Plaintiff has a significant mental health history, including an involuntary commitment in 2023 under the Florida Baker Act, see Tr. at 1078, treatment at the Veteran's Administration ("VA") for mental health, see Tr. at 414-815, 1028-1229, 1248-77, 1845-1946, and 70% of Plaintiff's 100% VA disability rating being because of mental issues, see Tr. at 158-214. The ALJ elected not to order a consultative mental examination despite there being no recognized opinions in the file from treating sources at the VA. The only opinions related to mental issues that the ALJ analyzed in the Decision are the non-examining state-agency opinions of Dr. Hodes for the initial denial phase and the subsequent reaffirmance by Dr. Weiner at the reconsideration stage. Tr. at 31; see Tr. at 69-77 (Dr. Hodes), 85-90 (Dr. Weiner).

Dr. Hodes opined in relevant part that Plaintiff was moderately limited in the areas of interacting with others; concentrating, persisting, and maintaining pace; and adapting or managing oneself. Tr. at 70. More particularly, he found Plaintiff had moderate limitations in the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to interact appropriately with the general public; the ability to get

along with coworkers or peers without distracting them or exhibiting behavioral extremes; and the ability to respond appropriately to changes in the work setting. Tr. at 75-76. In the narrative portion of the opinion, Dr. Hodes wrote that Plaintiff "[c]an understand, learn [and] recall simple[,] routine tasks," "[c]an sustain attendance, effort and focus across the workday and work week in a setting with flexible productivity standards," "[p]erforms satisfactorily in situations with limited social contacts and responsibilities," and "[c]an adapt to demands and changes in a work setting where changes are introduced in a gradual manner and demands are routine." Tr. at 76-77. On reconsideration, Dr. Wiener affirmed all of these findings. Tr. at 89-91.

The ALJ found these opinions "persuasive overall." Tr. at 31 (citations omitted). According to the ALJ, even "[t]hough they supported their opinions with their review of the available record, later evidence subsequently appearing at the hearing level supported slightly stricter understanding limitations than originally thought." Tr. at 31 (citations omitted). So, the ALJ purportedly accommodated such limitations by including in Plaintiff's RFC: "Maintaining attention, concentration and pace for two hour increments, with workplace changes being occasional and gradually introduced and frequent interaction with co-workers, supervisors and the general public." Tr. at 32; see Tr. at 24 (RFC).

Focusing on the ALJ's finding that he can frequently interact with coworkers, supervisors, and the general public, Plaintiff argues "[i]t cannot be reasonably disputed that this is less limiting than the State Agency's findings." Pl.'s Br. at 10. Responding, Defendant contends the ALJ's finding is consistent with those of Drs. Hodes and Weiner. Def.'s Mem. at 4-5.

The undersigned finds the ALJ erred in addressing Dr. Hodes and Dr. Weiner's opined limitations. Both psychologists found Plaintiff is moderately limited in the abilities to interact appropriately with the general public and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. Tr. at 76, 89. They further found Plaintiff needed "situations with limited social contacts and responsibilities." Tr. at 77, 90. These limitations are inconsistent with the ALJ's assigned RFC allowing Plaintiff "frequent interaction with coworkers, supervisors, or the general public." Tr. at 24; see, e.g., Tara C. v. Comm'r, Soc. Sec. Admin., No. 1:21-cv-3457-CCB, 2023 WL 12148636, at *6 (N.D. Ga. Mar. 31, 2023) (citations and internal alterations omitted) ("The fundamental problem with the ALJ's mental RFC determination is that, while she saw fit to assign great weight to the state agency consultants' opinions, she offers no explanation for how she determined that Plaintiff is '**frequently** able to ... interact with supervisors, co-workers, and the public,' in light of Dr. Edwards's opinion that Plaintiff's contact with the public should be '**limited** and non[-]intensive,' and Dr. Suansilppongse's

opinions that Plaintiff required '**infrequent** contact with others' and '**infrequent** contact with coworkers and the public' in order to complete tasks"); Macquarrie v. Comm'r of Soc. Sec., No. 1:21-cv-72-CDB, 2023 WL 8242069, at *6 (E.D. Cal. Nov. 28, 2023) (observing that "[a]n ALJ adequately accounts for a doctor's opinion about a claimant's moderate social limitations by limiting the claimant to occasional coworker interaction" and finding that "frequent interactions with coworkers, supervisors, and the public" did "not comport with the moderate limitation expressed in [a doctor's] opinion") (collecting cases); Bowker v. Bisignano, No. 24-1174 MIS/KK, 2026 WL 205478, at *8 (D.N.M. Jan. 26, 2026) ("Limiting a claimant to 'frequent' interactions with supervisors and coworkers does not adequately account for moderate limitations in the claimant's abilities to accept instructions and respond appropriately to criticism from supervisors and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes") (collecting cases). The matter must be reversed and remanded for reconsideration of the opinions of Dr. Hodes and Dr. Weiner.[8] If appropriate, the SSA on remand shall also reconsider Plaintiff's and his wife's subjective complaints about the effects of his impairments.

---

[8] Plaintiff also argues the ALJ failed to account for off task time and attention, concentration, and pace issues. Pl.'s Br. at 10. These matters can be reevaluated if appropriate on remand.

## V.    Conclusion

In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)    Reconsider the opinions of Dr. Hodes and Dr. Weiner regarding Plaintiff's mental limitations;

(B)    If necessary, address the other arguments in this appeal, including Plaintiff's and his wife's subjective complaints; and

(C)    Take such other action as may be necessary to resolve this claim properly.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 30, 2026.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record